UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re

    A TOP NEW CASTING, INC.                 18-11110 B

                Debtor                 DECISION & ORDER

_____

                James M. Joyce, Esq.
                4733 Transit Road
                Lancaster, New York 14043
                Attorney for the Debtor

                Hodgson Russ LLP
                Garry M. Graber, Esq.
                140 Pearl Street, Suite 100
                Buffalo, New York 14202-4014
                Attorney for Creditor Bodum USA, Inc.

                Office of the U.S. Trustee
                Joseph W. Allen, Esq.
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202-2523
                Attorney for U.S. Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

      The debtor in this Chapter 11 case has moved under 11 U.S.C. § 327(e) for authority to employ special counsel. The focus of the present dispute is whether the Court should also allow the debtor to pay a retainer of $20,000 to the proposed attorney.

      In 2016, Bodum USA, Inc. ("Bodum"), commenced an action in the United States District Court for the Northern District of Illinois against A Top New Casting, Inc., to recover damages for trade dress infringement under the Lanham Act. On April 18, 2018, after a jury trial, judgment was awarded against the defendant in the principal amount of

$2,000,000. Then on June 17, A Top New Casting, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code. In schedules filed thereafter, the debtor identifies unsecured claims in the amount of $2,500,762. This total includes what the debtor lists as the disputed claim of Bodum for the amount of its judgment.

Based on a stipulation signed by counsel for the debtor and for Bodum, this Court previously granted partial relief from the automatic stay under 11 U.S.C. § 362, "for the sole purpose of permitting final resolution of all matters, including appeals, remaining to be adjudicated and/or ruled on" in the trade dress infringement action. This stay relief expressly excluded any acts to collect on the final judgment. Hoping to reverse the trial decision, the debtor has now moved to employ James Benak, Esq., to serve as its special counsel on an appeal to the United States Court of Appeals for the 7th Circuit. In papers signed by its principal, the debtor advises that Benak is familiar with the case, in that he had represented the debtor at the trial. The proposed employment agreement calls for the debtor to advance a retainer of $20,000. Although this sum is to be paid from property of the bankruptcy estate, the debtor's principal has guaranteed and agreed to pay any legal fees in excess of the retainer. Notwithstanding any fee arrangement, however, the debtor's counsel has agreed that any allowances will require the further approval of this Court.

Subject to exceptions not here relevant, section 1107(a) of the Bankruptcy Code provides that a debtor in possession shall have all of the rights and powers of a trustee. Consequently, A Top New Casting may exercise the options in 11 U.S.C. § 327(e):

> "The trustee, with the court's approval, may employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

In a statement filed with this Court, Mr. Benak avows that "he is a disinterested person and does not hold or represent an interest adverse to the estate with respect to the matter on which he is proposed to be employed." Consequently, objections to his appointment relate

to the other condition of section 327(e), namely that the employment be "in the best interests of the estate."

Attorneys for Bodum and for the Office of the United States Trustee appeared at the hearing on the motion for authority to appoint special counsel. Bodum objected to employment that would require the use of estate assets to pay a retainer. If authorized, a payment of $20,000 would dissipate the majority of the debtor's available cash. As the holder of approximately eighty percent of all claims, Bodum argued that the estate should instead reserve those funds for payment on account of outstanding obligations. This creditor complained that otherwise, the debtor essentially asks Bodum to finance litigation against itself.

The objection of Bodum is overruled. Pursuant to 11 U.S.C. § 1108, until such time as the Court might order otherwise, a debtor in possession has authority to operate its business. For this reason, a debtor is generally allowed to exercise its reasonable business judgment. Here, A Top New Casting has articulated sufficient justification for the employment of James Benak as special counsel. Unless the Circuit Court reverses the trial decision, the debtor will be burdened with approximately five times the debt that it would otherwise carry. Further, the judgment will effectively prevent the debtor from continuing a significant part of its previous business. To assist in its appeal, the debtor seeks to employ counsel who is already familiar with the dispute.

This Court expresses no view on the likelihood of success on any appeal of Bodum's outstanding judgment. Rather, we merely find no reason to reject the debtor's exercise of its business judgment on the questions of whether and how to pursue an appeal. In particular, the Court finds no reason for concern with regard to the amount of a retainer, especially inasmuch as those funds serve only as security and remain property of the estate until such time as this Court approves a fee allowance.

Although Bodum has obtained a non-final judgment, it has no perfected lien against assets of the debtor. With regard to the use of estate assets, therefore, it holds only the same interest as any other unsecured creditor. From a practical perspective, Bodum may have more to lose from the proposed financing of an appeal. However, its opposition carries

no special weight with regard to the justification for retention of counsel, which here depends on whether the proposed employment will fulfill the best interests of the bankruptcy estate.

For all of the reasons stated herein, the Court authorizes the debtor to employ James Benak as special counsel with regard to an appeal of the judgment previously granted to Bodum USA, Inc.  This authorization is granted on condition that all fees are subject to the approval of this Court and that counsel may withdraw from its representation only with this Court's consent.  In the event that James Benak increases his rates while this case is pending, he shall file a supplemental declaration advising of that change.  Otherwise, the Court approves the terms of employment set forth in the debtor's application, including the agreement to advance a retainer in the amount of $20,000.

So ordered.

Dated: March 21, 2019  
     Buffalo, New York

/s/ Carl L. Bucki  
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.